## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | § | |
| IN RE: | § | CASE NO: 18-12064 |
| | § | |
| SHARON SYLVESTER, | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § | SECTION A |
| | § | |

### ORDER AND REASONS

The Court held a telephonic hearing on October 21, 2020, on the *Trustee's Final Report*, [ECF Doc. 335], and *Trustee's Compensation*, [ECF Doc. 336] (together, the "Fee Application"), filed by Barbara Rivera-Fulton, the Chapter 7 Trustee appointed in the above-referenced case. The Debtor filed an *Opposition to the Trustee's Fee Application* (the "Opposition"), [ECF Doc. 341], objecting to the reasonableness of the compensation requested by the Trustee and further requesting that distribution of compensation ordered by this Court to the Trustee's counsel, Chaffe McCall, LLP ("Chaffe"), as well as Beau Sagona, a creditor who earned compensation pursuant to 11 U.S.C. § 503(b)(4), be stayed pending appeal of those orders pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure. The Trustee filed a *Reply Brief* in support of her Fee Application. [ECF Doc. 342].

Appearances were as noted on the record. [ECF Doc. 346]. At the hearing, for the reasons stated on the record, the Court overruled the Debtor's request to withhold distribution of compensation to Chaffe and Beau Sagona pending appeal of this Court's fee awards. The Court took the remaining objection to the Trustee's Fee Application under advisement.

For the following reasons, and having considered the record in its entirety, the Fee Application, the pleadings, the arguments of the parties, and applicable law, the Court

**APPROVES** the Trustee's Fee Application in its entirety. The Trustee is awarded the requested fee in the amount of $10,402.46 in fees and $100.09 in costs.

## JURISDICTION AND VENUE

This Court has jurisdiction to grant the relief provided for herein pursuant to 28 U.S.C. § 1334 and the Order of Reference of the District Court dated April 11, 1990. The matter presently before the Court constitutes a core proceeding that this Court may hear and determine on a final basis under 28 U.S.C. § 157(b).

## NOTICE

Notice of the Fee Application, the Opposition, and the Reply Brief was sufficient and constituted the best notice practicable. All persons affected by this Order were afforded a full and fair opportunity to be heard prior to and during the evidentiary hearing. Notice of the relief granted herein has been given to all persons affected by this decision and is in full compliance with due process.

## BACKGROUND

The Debtor filed this case under chapter 13 of the Bankruptcy Code on August 7, 2018. [ECF Doc. 1]. On April 18, 2019, this Court converted the case to one under chapter 7, [ECF Doc. 131], and on July 1, 2019, this Court approved the Trustee's application to employ Chaffe to represent the Trustee in various legal matters arising out the administration of this chapter 7 case, [ECF Doc. 216]. On March 18, 2020, Chaffe filed an *Application for Compensation*, ("Chaffe's Fee Application"), [ECF Doc. 274], which the Debtor opposed, [ECF Docs. 278 & 280]. The Debtor objected to Chaffe's Fee Application, asserting that "[a]n attorney is <u>never</u> entitled to professional compensation for performing duties which the statute imposes upon the trustee." [ECF Doc. 280, at 1].

2

The Court held a hearing on Chaffe's Fee Application on April 8, 2020, and the Court took the matter under advisement.  [ECF Doc. 284].  On July 2, 2020, the Court issued an *Order Granting Application for Compensation for Chaffe McCall, LLP*.  [ECF Doc. 290].  The Court observed that a court may not compensate an attorney appointed to represent the trustee for services which coincide or overlap with the ministerial and administrative duties of the trustee delineated in § 704 of the Bankruptcy Code, except where services are necessarily performed by an attorney due to reasons of complexity or difficulty, and only then to the extent legal expertise is required.  *Id.* at 6 (citing *U.S. Trustee v. Porter, Wright, Morris & Arthur*, 930 F.2d 386, 388 (4th Cir. 1991); *In re Mabson Lumber Co*., 394 F.2d 23, 24 (2d Cir. 1968).  As an initial matter, the Court found that its determination of whether the services rendered by Chaffe were legal or administrative in nature was less relevant in this case because all creditors were paid in full; that is, there was no concern that the majority of assets recovered would be disbursed to the trustee or his counsel rather than creditors.  *Id.* at 7 (citing *In re Spungen*, 168 B.R. 373, 376 (N.D. Ind. 1993); *In re D'Amico*, No. 05-19217, 2009 WL 1982987, at *4 (Bankr. N.D.N.Y. Sept. 4, 2009).  That said, the Court found that, although some of Chaffe's entries could have fallen within § 704's broad categories, given the facts of this case, the Court found that the tasks performed by Chaffe required legal expertise and further found that the fees were reasonable.  *Id.* at 7–11.

After the Court approved Chaffe's Fee Application, the Trustee filed her Fee Application, requesting $10,402.46 in fees calculated pursuant to the commission rates identified in 11 U.S.C. § 326(a).  [ECF Docs. 335 & 336].  The Debtor objected to the Trustee's Fee Application as unreasonable, asserting that the Trustee did not perform her statutory duties, but rather delegated them to her counsel.  [ECF Doc. 341].

**DISCUSSION**

"Chapter 7 trustees may receive two different types of compensation under Section 330."

*In re JFK Capital Holdings, L.L.C.*, 880 F.3d 747, 752 (5th Cir. 2018).  Section 330(b) allows a

fee of $60 to be paid from the chapter 7 filing fee for each case.  Chapter 7 trustees are also awarded

"reasonable compensation" in each case.  11 U.S.C. § 330(a); *In re JFK Capital Holdings, L.L.C.*,

880 F.3d at 752.  "In determining the amount of reasonable compensation to be awarded to a

trustee, the court shall treat such compensation as a commission, based on section 326."  11 U.S.C.

§ 330(a)(7).

Section 326 of the Bankruptcy Code places certain limits on the compensation of trustees,

providing:

> In a case under chapter 7 or 11, other than a case under subchapter V of chapter 11,
> the court may allow reasonable compensation under section 330 of this title of the
> trustee for the trustee's services, payable after the trustee renders such services, not
> to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess
> of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of
> $50,000 but not in excess of $1,000,000, and reasonable compensation not to
> exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys
> disbursed or turned over in the case by the trustee to parties in interest, excluding
> the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).  The 2005 amendments to the Bankruptcy Code removed chapter 7 trustee

compensation review from § 330(a)(3), which lists factors relevant to determining "reasonable"

compensation, and adopted the commission-based approach to chapter 7 trustee compensation

identified in § 326(a).  *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,

Pub. L. No. 109-8, 119 Stat. 23 (2005).  "In removing Chapter 7 trustees from § 330(a)(3) and

directing courts to treat the trustee's compensation as a commission, Congress made clear that a

trustee's compensation should be determined on a basis of a percentage, rather than on a factor-

based assessment of the trustee's services."  *In re JFK Cap. Holdings, L.L.C*, 880 F.3d at 754

4

(quoting *Mohns, Inc. v. Lanser*, 522 B.R. 594, 599 (E.D. Wis. 2015), *aff'd sub nom. In re Wilson*, 796 F.3d 818 (7th Cir. 2015)).  "The commission-based framework established by Congress facilitates more efficient Chapter 7 trustee compensation in the courts by placing the burden on the trustees to avoid wasting resources, as their commission remains the same *regardless of potentially duplicative or unnecessary services*."  *Id*. at 756 (emphasis added).

Thus, the Fifth Circuit has held that "the percentage amounts listed in Section 326 are presumptively reasonable for Chapter 7 trustee awards."  *Id.* at 753.  Because the fees requested by the Trustee here comport with the commission structure identified in § 326(a), this Court presumes those fees are reasonable.  Recognizing that "Section 330 still allows a reduction or denial of compensation," the Fifth Circuit nevertheless cautioned that reduction or denial of compensation "should be a rare event."  *Id*. at 756.  "We acknowledge that exceptional circumstances can alter the compensation, but 'exceptional' is the key."  *Id*.

The question for this Court then is whether "exceptional circumstances" exist here to warrant a reduction of the Trustee's requested fees.[1]  "Exceptional circumstances" is not defined by the § 330(a)(3) reasonableness factors.  As explained by the Fifth Circuit:

> To the extent extraordinary circumstances explicitly trigger the remaining provisions of Section 330, we agree such a circumstance might preclude a commission award.  To the extent an extraordinary circumstances analysis evaluates the types of reasonableness factors articulated in Section 330(a)(3), such an approach suffers the same flaw as the district court's approach here.  There is little distinction between the departure from a commission-based approach under extraordinary circumstances versus the pre-BAPCPA reasonableness inquiry.

*Id*. at 755–56 (citing *In re Rowe*, 750 F.3d 392, 397 (4th Cir. 2014)).  The Fifth Circuit's recent holding in *Hill v. King (In re King)* indicates that "extraordinary circumstances" justifying a

---

[1]        Section 330(a)(2) of the Bankruptcy Code states:  "The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested."

reduction in the presumptively reasonable § 326 commission requires a finding that the Trustee breached her fiduciary duty to the estate. 802 F. App'x 133, 137–38 (5th Cir. 2020). The Debtor has made no allegations that the Trustee breached her fiduciary duty to the estate; rather, the Debtor incorrectly asserts that the Trustee's compensation fails a reasonableness inquiry. [ECF Doc. 341]. This Court has reviewed the detailed Fee Application and the entire record in this case and finds no basis to conclude that the Trustee breached her fiduciary duty to the estate in any way. Indeed, all creditors in this case have been paid in full, the Debtor was able to retain her property, and Debtor even received a distribution herself.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Trustee's Fee Application is APPROVED. Pursuant to 11 U.S.C. §§ 326 and 330, the Trustee is awarded $10,402.46 in fees and $100.09 in costs.

**IT IS FURTHER ORDERED** that the Trustee shall immediately serve a copy of this Order on the required parties who will not receive notice through the ECF System pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules Bankruptcy Rules and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, April 8, 2021.

MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE