UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § § § | CASE NO: 18-12064 |
| SHARON SYLVESTER, | § § | CHAPTER 7 |
| DEBTOR. | § § § | SECTION "A" |

**MEMORANDUM OPINION AND ORDER**

On July 2, 2020, this Court issued an Order allowing the first and final fee application of Chaffe McCall, LLP for fees and costs for services rendered on behalf of the chapter 7 trustee appointed in this case. [ECF Doc. 290]. On March 3, 2021, the United States District Court for the Eastern District of Louisiana affirmed that Order. *See In re Sylvester*, No. 20-2469, slip op. (E.D. La. Mar. 3, 2021), [ECF Docs. 11 & 12]. On January 14, 2022, the United States Court of Appeals for the Fifth Circuit vacated the judgment of the District Court and remanded the matter to the District Court for further proceedings. [ECF Doc. 377]. On February 7, 2022, the District Court remanded the matter to this Court for further proceedings in accordance with the ruling of the Fifth Circuit.

On remand, this Court now enters the following Memorandum Opinion and Order:

Before the Court is the *First and Final Application of Chaffe McCall, LLP for Allowance of Fees And Costs* (the "Fee Application"), filed by the law firm of Chaffe McCall, LLP ("Chaffe"), [ECF Doc. 274], through which Chaffe seeks allowance of $16,185.00 in fees and $338.00 in costs associated with its representation of the chapter 7 trustee in this matter. Sharon Sylvester (the "Debtor") filed Oppositions to the Fee Application, [ECF Docs. 278, 280, & 283], and Chaffe filed a Reply Brief in support of the Fee Application, [ECF Doc. 281].

Having considered the record in its entirety, the Fee Application, the Oppositions, the Reply Brief, the arguments of the parties, and applicable law, the Court makes the following findings.

## JURISDICTION AND VENUE

This Court has jurisdiction to grant the relief provided for herein pursuant to 28 U.S.C. § 1334. The matters presently before the Court constitute core proceedings that this Court may hear and determine on a final basis under 28 U.S.C. § 157(b).

## FINDINGS OF FACT

The Debtor filed this case under chapter 13 of the Bankruptcy Code on August 7, 2018. On April 18, 2019, this Court converted the case to one under chapter 7, [ECF Doc. 131], and on July 1, 2019, this Court approved Chaffe's employment to represent the chapter 7 Trustee (the "Trustee") regarding various legal matters arising out the administration of this chapter 7 case, [ECF Doc. 216]. On March 18, 2020, Chaffe filed the Fee Application requesting this Court's approval of fees incurred for legal services it performed in representing the Trustee. The Fee Application details Chaffe's assistance regarding the administration of the estate, including, but not limited to, the investigation, review, and analysis of claims related to, and liquidation of, immovable property located at 1212-1214 South Rampart Street (the "1212-1214 Property") and 1216-1218 South Rampart Street (the "1216-1218 Property"),[1] both in New Orleans, Louisiana.

---

[1] On October 21, 2017, 290 days before the filing of the bankruptcy petition, the Debtor transferred 1216-1218 South Rampart Street, New Orleans, Louisiana, to her children via an Act of Donation. On August 7, 2018, the debtor filed for bankruptcy relief. On October 23, 2018, the Court authorized a creditor to file an adversary complaint seeking return of that property to the bankruptcy estate. [ECF Doc. 79, at 13]. Ultimately, the Court resolved the adversary proceeding on summary judgment, finding that the prepetition donation of the property was a voidable transfer to insiders under § 548 of the Bankruptcy Code, thereby returning 1216-1218 South Rampart Street to the estate. [Adv. Pro. 18-1136, ECF Doc. 35].

2

The Debtor and her family desired to retain the 1212-1214 Property, assuming they could enter into a transaction which would pay all secured claims on that property and all general unsecured claims against the estate. On behalf of the Trustee, Chaffe entered into extensive negotiations with Casa De Victoria, LLC ("Casa"), an entity of which one of the Debtor's children was a member, and explored alternatives to keep the Property in the family, including the abandonment of the Property to the Debtor for fair consideration if she could obtain the financing. When Casa's underwriters would not approve that transaction, Chaffe entered into a purchase agreement with Casa directly. *See* Fee Application, at 5. Chaffe filed a *Motion for Sale of Property Free and Clear of Liens* pursuant to 11 U.S.C. § 363 (the "Sale Motion") to Casa in the amount of $134,009.59. [ECF Doc. 243]. Chaffe also handled the resolution of potential tax liabilities for the estate related to the sale, as well as title and insurance issues. *See* Fee Application, at 10–18.

After proper notice and a hearing, the Sale Motion was ultimately granted over various objections authorizing the sale of the Property to Casa if the sale could be closed within twenty days of the date of the *Order Granting Motion for Sale of Property* (the "Sale Order"). [ECF Doc. 250]. The Sale Order also authorized Chaffe to accept the back-up bid in the amount of $150,000.00 from Future Property Investments, LLC if Casa could not timely close the sale. Casa did not close the sale timely and the Trustee closed the sale with Future Property Investments, LLC for $150,000.00, which was approved by the Court over the objections of the Debtor.

As a result of the sale of the 1212-1214 Property, all liens on the Property, all general unsecured claims, and all administrative expenses were paid in full. The Debtor was able to keep the 1216-1218 Property, unencumbered, in addition to maintaining her 50% interest in immovable property located at 3627 Touro Street, New Orleans, Louisiana. The Debtor is also expected to receive a distribution at the conclusion of the case.

In addition to the above, Chaffe also assisted the Trustee in the initial stages of the case, analyzing the Debtor's schedules and other financial information for potential estate claims, appearing at the § 341 meeting, and providing other legal advice necessary for the Trustee's administration of the estate.

## CONCLUSIONS OF LAW

Section 327 of the Bankruptcy Code allows a trustee to employ one or more attorneys, with the Court's approval, to represent or assist the trustee in carrying out the trustee's duties under the Code. *See* 11 U.S.C. § 327(a). Section 330 of the Bankruptcy Code permits an award of compensation to a professional person employed under 11 U.S.C. § 327 as long as the nature, extent, and value of services performed are reasonable and necessary and rendered toward the completion of the case. *See* 11 U.S.C. § 330(a). Section 330 provides a nonexclusive list of factors the Court must consider in determining the reasonableness of the compensation requested, including:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). This Court "has an independent duty to review the reasonableness of a professional's fees, even when the trustee who employed the professional does not object." *In re Squaglia*, No. 04-12017, 2008 WL 3925223, at *6 (Bankr. E.D. Cal. Aug. 27, 2008); *see also In re Brown*, 371 B.R. 486, 499 (Bankr. N.D. Okla. 2007).

The Fifth Circuit uses a "lodestar" method for determining attorneys' fees. *See Shipes v. Trinity Indus.*, 987 F.2d 311, 319–20 (5th Cir. 1993). To tally the lodestar number, courts multiply "the number of hours an attorney would reasonably spend for the same type of work by the prevailing hourly rate in the community." *Rodriguez v. Countrywide Home Loans, Inc. (In re Rodriguez)*, 517 B.R. 724, 731 (Bankr. S.D. Tex. 2014) (citing *Shipes*, 987 F.2d at 319). A court may then adjust the lodestar number up or down depending upon the presence or absence of the twelve factors identified in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir.1974) (assessing reasonableness of attorneys' fees under § 706(k) of Title VII of the Civil Rights Act of 1964), *abrogated on other grounds, Blanchard v. Bergeron*, 489 U.S. 87 (1989). *See In re Cahill,* 428 F.3d 536, 539–40 (5th Cir. 2005) (applying the *Johnson* factors in a bankruptcy context); *In re Harris-Nutall*, 572 B.R. 184, 197 (Bankr. N.D. Tex. 2017) (same); *In re New Town Dev. Grp., L.L.C.*, No. 09-10029, 2010 WL 1451480 (Bankr. M.D. La. Apr. 9, 2010) (same); *In re Energy Partners, Ltd.*, 422 B.R. 68 (Bankr. S.D. Tex. 2009) (same).

The *Johnson* factors include: (1) time and labor required; (2) novelty and difficulty of the issues; (3) skill required to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) award in similar cases. *See* 488 F.2d at 717–

19. *But* "[t]he lodestar method is presumed to account for four of the twelve *Johnson* factors—the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from litigation." *In re Rodriguez*, 517 B.R. at 730. The Fifth Circuit affords courts considerable discretion in awarding attorneys' fees. *See Transamerican Natural Gas Corp. v. Zapata P'ship, Ltd. (In re Fender)*, 12 F.3d 480, 487 (5th Cir. 1994). Here, the Court applies the *Johnson* factors as follows:

A. **The Time and Labor Expended**

The amount of $16,185.00 in requested attorneys' fees for services rendered to the estate and the Trustee reflects 57.60 hours in partner time, resulting in an overall blended hourly rate of approximately $281 per hour. Chaffe's work, performed efficiently and expeditiously, led to the sale of the 1212-1214 Property, resulting in all liens on the Property, general unsecured claims, and administrative expenses being paid in full. This allowed the Debtor to keep the 1216-1218 Property, unencumbered, in addition to maintaining her 50% interest in immovable property located at 3627 Touro Street, New Orleans, Louisiana.

Citing *In Re Howard Love Pipeline Supply Co.*, 253 B.R. 781, 787 (Bankr. E.D. Tex. 2000), as well as cases from outside of this Circuit, for the proposition that if a task could hypothetically be performed by the trustee alone, an attorney may not be compensated for assistance with completion of the task, the Debtor objects to essentially all of Chaffe's time entries as duties that are statutorily assigned to the Trustee. [ECF Doc. 280, at 1 & 3; ECF Doc. 283, at 2–3]. It is true that a court may not compensate an attorney appointed to represent the trustee for services which coincide or overlap with the ministerial and administrative duties of the trustee delineated in § 704 of the Bankruptcy Code—except where services are necessarily performed by an attorney due to reasons of complexity or difficulty, and only then to the extent legal expertise is required. *See U.S.*

*Trustee v. Porter, Wright, Morris & Arthur*, 930 F.2d 386, 388 (4th Cir. 1991); *In re Mabson Lumber Co.*, 394 F.2d 23, 24 (2d Cir. 1968). Indeed, the Fifth Circuit instructed this Court directly that for compensable services to be "necessary" under § 330(a), they must be services that a trustee could not perform without the professional's specific expertise. *See Sylvester v. Chaffe McCall, L.L.P. (In re Sylvester)*, 23 F.4th 543, 547 (5th Cir. 2022) (adopting a narrow definition of "necessary" and citing 11 U.S.C. § 328(b), which "reinforces the Bankruptcy Code's distinction between necessary professional services and those which are 'generally performed by a trustee without the assistance of an attorney or accountant'").

This Court has a duty to determine whether the services rendered by Chaffe were legal in nature or whether they were actually administrative or ministerial duties of the Trustee—that is, whether or not the Trustee could have performed the services herself without the assistance of counsel. Although "[i]t's true that there is often no easy way to distinguish legal from non-legal services," *see id*. at 549 (citation omitted), a review of Chaffe's time entries reveals that some of the tasks fall into the broad categories identified as § 704(a) trustee duties and could have been performed by the Trustee herself without legal assistance. Based upon its review of the Fee Application, each time entry listed on Chaffe's invoices attached as Exhibit A to the Fee Application, and the record in this case, the Court finds that all of the services identified in the invoices are reasonable and necessary and rendered toward the completion of the case, **except for:**

| DATE | SERVICES | HOURS | RATE/HR. | TOTAL |
|---|---|---|---|---|
| 06.13.19 | Prepare for creditors meeting | 0.80 | $275 | $220.00 |
| 06.14.19 | Court appearance for 341 meeting | 1.10 | $275 | $302.50 |
| 07.30.19 | Review Derbes opposition to motion to compel chapter 13 trustee to object | 0.30 | $275 | $82.50 |

7

Therefore, this Court sustains in part and overrules in part the Debtor's objection to the Fee Application and reduces Chaffe's fees in the amount of $605.00.

### B. The Novelty and Difficulty of Issues

Liquidating property in a chapter 7 case is not a novel or difficult task; however, the fact that Chaffe, on behalf of the Trustee, attempted to craft a deal that would allow the Debtor to pay all of the claims of the estate and also keep the 1216-1218 Property in the family took time and skill and generated work for the Trustee and his counsel. Added to that, Chaffe handled legal matters including analyzing and resolving tax, insurance, and title issues on behalf of the Trustee. Overall, the Court finds that the time spent by Chaffe in negotiating and closing such a deal, as well as assisting the Trustee with the general administration of the estate, was commensurate with the novelty and difficulty of the issues presented.

### C. The Skills Requisite To Perform Services Properly

The law firm of Chaffe McCall, LLP has appeared before courts in this District and throughout Louisiana in bankruptcy cases on behalf of debtors, creditors, trustees, and receivers for many years. The attorneys in the firm are well-regarded in the areas of bankruptcy law, commercial law, real estate law, and the law of secured transactions in the State of Louisiana. The attorneys who performed services in this matter possess the experience, reputation, and ability to merit an award of the requested compensation and reimbursement. They liquidated the assets of the estate with skill and efficiency, leading to an outstanding outcome for all creditors and the Debtor.

### D. Preclusion of Other Employment

Chaffe was not precluded from other employment during the Application Period. This factor weighs neither for nor against approving the Fee Application.

### E. Fee Customarily Charged

The billing records found in Exhibit A to the Fee Application reflect that the hourly rates of the attorneys who worked on this matter ranged from $275 per hour to $350 per hour. The attorneys' fees sought are within the range of those charged by attorneys with comparable skills in this District.

### F. Whether the Fee Is Fixed or Contingent

To the extent that most professional fees in bankruptcy proceedings pend final review of the Court and are subject to adjustment depending on the services rendered, Chaffe's representation of the Trustee is a contingent one.

### G. Time Limitations Imposed by Client or Circumstances

The time limitations imposed by the circumstances surrounding the administration and liquidation of estate assets were not unusual or out of the ordinary for a case of its size and complexity.

### H. Amounts Involved and Results Obtained

As described above, the necessary legal services provided to the Trustee enabled the liquidation of the 1212-1214 Property through a deal that paid all creditors of the estate in full, and allowed the Debtor to retain the 1216-1218 Property unencumbered.

### I. Experience, Reputation, and Ability of Professionals

Chaffe has significant experience representing chapter 7 trustees in this District in large and small bankruptcy cases, enabling them to perform the services described herein competently and expeditiously.

### J. Undesirability of the Case

To the extent that most professional fees in bankruptcy proceedings are contingent pending final review of the Court and subject to adjustment depending on services rendered, this case was somewhat undesirable.

### K. Nature and Length of Professional Relationship With Client

As mentioned above, Chaffe has represented chapter 7 trustees in this District in large and small bankruptcy proceedings for years; Chaffe may seek compensation for its services pursuant to § 330 of the Bankruptcy Code. Therefore, this factor neither favors nor disfavors a conclusion that the compensation it seeks is reasonable.

### L. Awards in Similar Cases

Based upon its experience, the Court finds that the compensation requested is consistent with awards in other cases.

Having considered the nonexclusive factors set out in § 330(a)(3), as well as the *Johnson* factors, and the instruction provided to this Court by the Fifth Circuit regarding the definition of "necessary" services under § 330(a), the Court finds that the services provided, with the exceptions identified above, were reasonable and necessary and rendered toward the completion of the case. *See* 11 U.S.C. § 330(a). The time and labor expended, the rates charged, and the services performed were completed within a reasonable amount time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, thus satisfying the § 330(a)(3) factors.

## CONCLUSION

Based on the foregoing facts and the law applied thereto,

**IT IS ORDERED** that the Fee Application, requesting $16,185.00 in fees and $338.00 in costs, is **GRANTED IN PART** and **DENIED IN PART**. Chaffe is awarded reasonable fees in the amount of $15,580.00 for actual, necessary legal services rendered on behalf of the Trustee from May 2, 2019, through the hearing of the Fee Application, and $338.00 for actual and necessary expenses incurred during this period for a total allowed award of $15,918.00, which may be paid immediately upon entry of this Order; and

**IT IS FURTHER ORDERED** that movant shall immediately serve a copy of this Order on the required parties who will not receive notice through the ECF System pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules Bankruptcy Rules and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, June 21, 2022.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE